# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 478 | **DATE** | 8/14/2012 |
| **CASE TITLE** | Tru-Grind, Inc. vs. Swiss-Tech, LLC | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court directs Defendant Swiss-Tech, LLC to file an amended notice of removal by August 22, 2012, that properly alleges the requisite citizenship of Swiss-Tech, LLC (a limited liability company). In the event that Defendant does not file a proper notice of removal by August 22, the Court will remand this matter to the Circuit Court of Cook County. In the event that diversity of citizenship is shown to exist, the Court will endeavor to issue a ruling on the pending summary judgment motion [28] as soon as practicable.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Earlier this year, this case was reassigned to the undersigned judge [see 38]. In its consideration of the pending motion for summary judgment [28], the Court noted an issue concerning whether complete diversity exists among the parties to the instant controversy under 28 U.S.C. § 1332. Because the Court is obligated to raise *sua sponte* whether it has subject matter jurisdiction over this case, the Court has issued this minute order. See *Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir. 2008) (citing *Sadat v. Mertes,* 615 F.2d 1176, 1188 (7th Cir. 1980) (stating, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings")).

By way of background, Defendant Swiss-Tech, LLC removed the instant action to this Court on January 21, 2011, on the basis of diversity jurisdiction [3]. In the notice of removal, Defendant indicated that Plaintiff Tru-Grind, Inc. is an Illinois corporation, with its principal place of business in Palatine, Illinois, and that Defendant Swiss-Tech LLC is a Delaware corporation, with its principal place of business in Delavan, Wisconsin.

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. The removal statute is construed narrowly; thus, doubts concerning removal are resolved in favor of remand. See 28 U.S.C. § 1441; *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). Thus, if the Court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Based on Swiss-Tech's existence as a limited liability company, Defendant did not properly allege its own citizenship. In *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998), the Seventh Circuit held that courts should treat a limited liability company like a partnership for purposes of diversity jurisdiction. Accordingly, the citizenship of each of a limited liability company's members establishes whether complete diversity exists

| STATEMENT |
|---|

among the parties. See *id;* see also *Hart v. Terminex Int'l,* 336 F.3d 541, 543 (7th Cir. 2003) (stating, "[t]hus. we have explained that the 'citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' ") (quoting *Meyerson v. Harrah's East Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002)). Thus, a federal court must know each member's citizenship, and if necessary, each member's members' citizenship to determine whether diversity of citizenship exists. See *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 427 (7th Cir. 2009) (the state of a limited liability company's principal place of business and where it was formed is irrelevant to its citizenship.). Because Defendant's original notice of removal does not comply with this standard, the Court directs Defendant to file an amended notice of removal that properly alleges the requisite citizenship of Swiss-Tech, LLC. In the event that Defendant does not file a proper notice of removal by August 22, the Court will remand this matter to the Circuit Court of Cook County. In the event that diversity of citizenship exists, the Court will endeavor to issue a ruling on the pending summary judgment motion [28] as soon as practicable.